# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8337 | **DATE** | 8/11/2004 |
| **CASE TITLE** | Hotel Employees & Restaurant Employees Intl Union... vs. Billy's 1870 et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Plaintiffs' motion (Doc 18-1) for default against defendant Joan Borkowski is granted pursuant to Fed.R.Civ.Proc. 55(a). Plaintiffs' motion for a default judgment pursuant to Fed.R.Civ.Proc. 55(b)(2) is denied. Count II of the complaint is dismissed without prejudice. If plaintiffs do not file an amended complaint by September 13, 2004, the dismissal will become with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES )
INTERNATIONAL UNION WELFARE FUND; HOTEL )
EMPLOYEES AND RESTAURANT EMPLOYEES )
INTERNATIONAL UNION PENSION FUND; JOHN W. )
WILHELM AND CARL MADDA as TRUSTEES of the )
HOTEL EMPLOYEES INTERNATIONAL UNION )
WELFARE FUND; and HOTEL EMPLOYEES AND )
RESTAURANT EMPLOYEES INTERNATIONAL UNION )
PENSION FUND, )
)
                Plaintiffs, )
)
vs. )    03 C 8337
)
BILLY'S 1870 d/b/a BILLY'S RESTAURANT, and JOAN M. )
BORKOWSKI, )
)
                Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Plaintiffs' motion for default judgment against Defendant Joan Borkowski. For the reasons set forth below, the motion is denied and Count II of the complaint is dismissed without prejudice.

## BACKGROUND

According to the complaint, Borkowski is the sole shareholder, officer, and director of Defendant Billy's 1870 ("Billy's"), a restaurant in New York City. Billy's has executed a series of Collective Bargaining Agreements with Plaintiff Hotel Employees and Restaurant Employees Union ("the Union"). The complaint alleges that the Agreement requires Billy's to make certain contributions to the Union's pension and welfare funds for its eligible employees.

Beginning in 2001, Billy's fell behind in its payments to the pension and welfare funds. In 2003, Plaintiffs filed suit to obtain payment of the deficiencies. The complaint contains two counts: one against Billy's and one against Borkowski personally. Each seeks identical relief.

Neither defendant responded to the complaint. An order of default was entered against Billy's on April 20, 2004; an entry of judgment followed in due course. Despite being personally served on June 2, Borkowski, though appearing before the court in person, has not responded to the complaint. Plaintiffs filed the instant motion for default on July 1. Although the motion's caption refers only to an entry of default, the body of the brief clearly indicates that Plaintiffs seek an entry of judgment as well. Our discussion will address both issues.

## DISCUSSION

If a party fails to plead or otherwise defend against a claim for affirmative relief in accordance with the Federal Rules, that party is in default. Fed. R. Civ. Proc. 55(a). Upon entry of default, all factual allegations contained within the complaint are deemed admitted. See Dundee Cement Co. v. Howard Pipe, 722 F.2d 1319, 1323 (7th Cir. 1983). Here, the time for Borkowski's response has come and gone without any responsive pleading or response on her part. As a result, she is in default, and all of the facts alleged against her in the complaint are admitted.

Although judgment often follows the entry of default, it is not an automatic result. See Silva v. City of Madison, 69 F.3d 1368, 1377 (7th Cir. 1995); U.S. v. Topeka Livestock Auction, Inc., 392 F. Supp. 944, 950 (N.D. Ind. 1975) (noting that entry of default and default judgment are separate and distinct concepts). For example, an entry of default does not warrant entry of judgment upon claims that are legally deficient. See Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).[1]

---

[1] We recognize that a potentially contrary rule was stated in Chathas v. Local 134 International Brotherhood of Electric Workers, 233 F.3d 508, (7th Cir. 2000) (stating that when a defendant defaults, there is "nothing left for the district court to do except enter judgment"). However, the Chathas court neither recognized the prior rule in Black nor was Chathas circulated to the full court, as required by Circuit Rule 40(e). Thus, the statement in Chathas cannot have overruled the prior rule enunciated in Black. See Brooks v. Walls, 279 F.3d 518, 522 (7th Cir. 2002).

Plaintiffs seek to impose personal liability for Billy's unpaid contributions on Borkowski. Their theory of liability turns on designating Borkowski as a fiduciary of the pension and welfare plans. ERISA provides that a person who exercises authority or control of management or disposition of plan assets is a fiduciary of the plan. 29 U.S.C. § 1002(21)(A)(i). Any plan fiduciary who breaches a fiduciary duty to the plan is personally liable for the losses to the plan. 29 U.S.C. § 1109(a). Plaintiffs' argument that Borkowski is a fiduciary of the plan focuses exclusively on whether unpaid contributions are assets of the plan. In support of their argument that these amounts are assets, Plaintiffs point primarily to the language of the collective bargaining agreement and secondarily to a decision of the Eleventh Circuit. ITPE Pension Fund v. Hall, 334 F.3d 1011 (11th Cir. 2003).

While we do not disagree that the language of the agreement clearly designates that contributions are plan assets regardless of whether they have been paid, we do not concur with Plaintiffs' implication that the inquiry ends there. Indeed, none of the cases Plaintiffs cite, including ITPE, endorse the idea that the classification of a contribution as a plan asset automatically transforms corporate officers into plan fiduciaries. In ITPE, the lower court had granted summary judgment in favor of the corporate officers, in essence concluding that unpaid contributions were not assets as a matter of law. See id. at 1013. The court of appeals reversed, indicating that the

parties' agreement was ambiguous on the matter. The court did not, as Plaintiffs imply, decide that whenever unpaid contributions are deemed to be assets of a fund, corporate officers immediately assume fiduciary responsibilities. In fact, the court specifically noted that

> [a] person should not be attributed fiduciary status under ERISA and held accountable for performance of the strict responsibilities required of him in that role, if he is not clearly aware of his status as a fiduciary.

Id. at 1015. As Plaintiffs acknowledge, other courts within this district have reached this same result and declined to inflict personal liability on corporate officers in a situation such as this one. See Motion Picture Laboratory Technicians v. Astro Color Laboratories, 2002 U.S. Dist. LEXIS 6788, at *8–*9 (N.D. Ill. Apr. 17, 2002); Chicago District Council of Carpenters v. Angulo, 150 F. Supp. 2d 976, 978–79 (N.D. Ill. 2001).

In construing a separate provision of ERISA, the Seventh Circuit echoed this concern. See Plumbers' Pension Fund v. Niedrich, 891 F.2d 1297 (7th Cir. 1989). In that case, the court joined with the prevailing view that personal liability of corporate officers will not attach "unless the corporation is acting for and an alter ego of the individual or there exist facts that warrant piercing the corporate veil." Id. at 1299. Because the complaint in Plumbers' Pension Fund did not allege either of these circumstances or a contractual agreement to assume personal responsibility for payments, the court affirmed dismissal of the complaint. Id. at 1302. The complaint in this case fails to allege that Borkowski was a party to the collective bargaining

agreement or that she signed it as anything but an agent of the corporation. Indeed, ¶¶ 11 and 12 mention only Billy's as a party bound by the collective bargaining agreement. As the Seventh Circuit has acknowledged, a party can contractually commit to personal liability for ERISA contributions. See id. However, without a clear indication of the same within the applicable agreements, we agree with the cases cited above that the law does not impose such a duty. As a result, Count II of the complaint fails to state a viable claim, and liability is not present.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' motion for an entry of default against Defendant Joan Borkowski is granted pursuant to Fed. R. Civ. Proc. 55(a). Plaintiffs' motion for a default judgment pursuant to Fed. R. Civ. Proc. 55(b)(2) is denied. Count II of the complaint is dismissed without prejudice. If Plaintiffs do not file an amended complaint by September 13, 2004, the dismissal will become with prejudice.


_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG 1 1 2004